■ ANITA EISENBERG, Appellant, v. MURRAY EISENBERG, Respondent.— In an action for a judicial separation, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Queens County, entered February 1, 1962 in her favor, (1) as denied her motion to vacate a stipulation of settlement; (2) as failed to include in the judgment the defendant's cruelty as a ground for the separation; (3) as failed to make the permanent alimony retroactive to the day of trial and (4) as limited the award of an additional counsel fee to $250. Judgment, insofar as appealed from, affirmed, without costs. Kleinfeld, Acting P. J., Christ, Hill and Hopkins, JJ., concur; Rabin, J., not voting.

■ EVELYN ELKIN, Respondent, v. LEO ELKIN, Appellant.— In an action for a judgment declaring the plaintiff to be the lawful wife of defendant, and for other relief, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated October 18, 1961 and entered November 1, 1961, as struck out (a) the denials in the answer of paragraphs Fifth, Sixth, Seventh and Eighth of the complaint, and (b) paragraphs 5 and 6 of the answer. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Defendant's time to serve an amended answer, if so advised, is extended until 10 days after entry of the order hereon. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ FLORENCE FRANK et al., Respondents, v. JOHN H. SMITH, Appellant.— In a negligence action to recover damages for personal injuries, arising out of an automobile collision claimed to be due to a failure of defendant's brakes, the defendant appeals from an order of the Supreme Court, Nassau County, dated July 19, 1961, which granted plaintiffs' motion for summary judgment and directed an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, without costs, and motion denied. In our opinion, the record presents issues of fact which should be resolved upon a trial. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ EUGENE FREIMAN, Respondent, v. D. R. COMENZO & Co., INC., Appellant.— In an action by a customer's man against his stockbroker employer based upon an employment agreement, to recover a percentage of commissions earned from plaintiff's customers, the defendant appeals from an order of the Supreme Court, Kings County, dated February 23, 1962, which granted plaintiff's motion under rule 109 of the Rules of Civil Practice, to strike out as insufficient in law an affirmative defense that the alleged agreement, which provided for contingent compensation, was illegal and unenforcible because it contravened the rules of the American Stock Exchange. Order affirmed, with $10 costs and disbursements. No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.